KENJI PRICE #10523
United States Attorney
District of Hawaii

MICAH SMITH
Deputy Chief, Criminal Division

MORGAN L. EARLY
REBECCA A. PERLMUTTER
Assistant U.S. Attorneys
Room 6-100, PJKK Federal Building
300 Ala Moana Boulevard
Honolulu, Hawaii   96850
Telephone:   (808) 541-2850
Facsimile:   (808) 541-2958
Email:   Morgan.Early@usdoj.gov
         Rebecca.Perlmutter@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. NO. 19-00094 SOM |
| ) | |
| Plaintiff, ) | CONSENT JUDGMENT AND |
| v. ) | ORDER OF FORFEITURE |
| ) | (MONEY JUDGMENT) |
| RODNEY CAPELLO, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

CONSENT JUDGMENT AND ORDER OF FORFEITURE (MONEY JUDGMENT)

WHEREAS a one-count Information was filed on July 15, 2019 charging defendant Rodney Capello (hereinafter "Capello") with knowingly embezzling and converting to the defendant's own use monies and funds of a labor

1

organization while being an officer of said organization, a violation of 29 U.S.C. § 501(c), and providing notice that, upon conviction of that charge, the government would seek forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS, on or about July 26, 2019, pursuant to a plea agreement, defendant Capello pled guilty to the Information; and

WHEREAS, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), a person convicted of a violation of 29 U.S.C. § 501(c), which is an offense constituting specified unlawful activity as defined in 18 U.S.C. § 1956(c)(7), shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the commission of such offense; and

WHEREAS the United States is now entitled to a forfeiture money judgment in the amount of $184,771.98, which represents property that constitutes or is derived from proceeds traceable to the commission of the offense to which defendant Capello has pled guilty, and which is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c); and

WHEREAS, pursuant to the Information, it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461, if, as a result of any act or omission of the defendant, any property subject to forfeiture:

  (A) cannot be located upon the exercise of due diligence;

  (B) has been transferred or sold to, or deposited with, a third party;

  (C) has been placed beyond the jurisdiction of the court;

  (D) has been substantially diminished in value; or

  (E) has been commingled with other property which cannot be divided without difficulty; and

WHEREAS Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment; and

WHEREAS defendant Rodney Capello:

 (1) Acknowledges that $184,771.98 is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) as property that constitutes or is derived from proceeds traceable to the violation of 29 U.S.C. § 501(c) charged in the Information, to which defendant Capello has pled guilty; and

 (2) Consents to the imposition of a money judgment in the amount of $184,771.98 (the "Money Judgment") pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and agrees that this Order is final at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure; and

3

  (3) Agrees to consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Money Judgment; and

  (4) Waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction; and

  (5) Acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing; and

  (6) Waives, and agrees to hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

  (7) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Consent Judgment; and

 WHEREAS good and sufficient cause has been shown,

 It is hereby ORDERED, ADJUDGED, AND DECREED:

THAT, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), defendant Rodney Capello shall forfeit to the United States the sum of $184,771.98; and it is further

ORDERED that a money judgment in the amount of $184,771.98 (the "Money Judgment") is hereby entered against the defendant pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c), and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and it is further

ORDERED that the Money Judgment shall be deemed part of the sentence of the defendant and shall be included in the judgment of conviction; and it is further

ORDERED that all payments on the Money Judgment shall be made by postal money order, bank check, or certified check made payable to the United States Marshals Service and delivered to the United States Attorney's Office, District of Hawaii, Attn: Asset Forfeiture Coordinator, PJKK Federal Building, 300 Ala Moana Boulevard, Suite #6-100, Honolulu, Hawaii 96850, with the defendant's name and criminal docket number noted on the face of the check; and it is further

ORDERED that upon execution of this Consent Judgment and Order of Forfeiture, and pursuant to 21 U.S.C. § 853, the United States Marshals Service shall be authorized to deposit the payments on the Money Judgment into the Department of Justice Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property; and it is further

ORDERED that, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and issuance of subpoenas; and it is further

ORDERED that the United States may move at any time pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(p) to amend this Order of Forfeiture to include substitute property having a value not to exceed $184,771.98 in United States currency to satisfy the Money Judgment in whole or in part; and it is further

ORDERED that any forfeited money and the net proceeds derived from the sale of any forfeited property will be applied to the Money Judgment until the Money Judgment is satisfied in full; and it is further

ORDERED that this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

ORDERED this _____ day of October, 2019, at Honolulu, Hawaii.

//
//
//
//
//

The undersigned hereby consent to
the entry and form of this order:

KENJI M. PRICE
United States Attorney


/s/ Morgan Early                                Dated:  October  31 , 2019
By:   MORGAN L. EARLY
Assistant United States Attorney


/s/ Lynn Panagakos                              Dated:  October  11 , 2019
LYNN PANAGAKOS, ESQ.
Attorney for Defendant Rodney Capello


/s/ Rodney Capello                              Dated:  October  11 , 2019
RODNEY CAPELLO
Defendant




/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge


USA v. RODNEY CAPELLO; Criminal No. 19-00094 SOM; "Consent Judgment and Order of Forfeiture (Money Judgment)"